■ GUILLIO D'ANTONIO et al., Respondents, v. ARTHUR FITZGERALD, Appellant.— In an action to recover damages for injuries to person and property, defendant appeals from an order of the Supreme Court, Kings County, entered February 24, 1960, which grants plaintiffs' motion to direct defendant to accept service of plaintiffs' late bill of particulars, and which in effect opens plaintiffs' default in having failed to serve said bill by May 9, 1959, pursuant to an order of said court entered by consent of the parties on March 6, 1959. Under the latter order plaintiffs were precluded from offering evidence upon the trial with respect to matters as to which a bill of particulars had been demanded, unless plaintiffs served the bill within 60 days after service of a copy of said order — a copy having been duly served on March 10, 1959. Order dated February 24, 1960 reversed, with $10 costs and disbursements, and motion denied, with $10 costs, without prejudice to renewal upon proper affidavits reciting *facts* showing a meritorious cause of action and a meritorious excuse for plaintiffs' failure to serve the bill of particulars in accordance with the terms of the preclusion order of March 6, 1959. The present record [furnishes] a wholly inadequate basis for the exercise of the court's discretion in opening plaintiffs' default under the preclusion order. No *facts* are set forth establishing an excusable default for plaintiffs' inordinate delay in serving the bill of particulars. Nor are any *facts* set forth showing the merits of the action. Nolan, P. J., Beldock, Christ and Brennan, JJ., concur.

■ In the Matter of the Construction of the Will of DOMINICK A. BRACALELLO, Deceased. COUNTY TRUST COMPANY as Coexecutor of DOMINICK A. BRACALELLO, Deceased, et al., Respondents; ANN BRIANTE et al., Appellants.— In a second proceeding by the coexecutor to construe paragraph "Third" of testator's will, the six legatees named in said paragraph, who are his brother and five sisters, appeal from so much of a decree of the Surrogate's Court, Westchester County, entered Jauary 13, 1960, as adjudges: (1) that shares of stock owned by the testator in three family corporations at the time of the execution of the will do not pass to such legatees under said paragraph but become part of the residuary estate; and (2) that, at the time of the execution of the will, the testator, by its third paragraph intended to dispose of "only that stock which was not to be covered by the *inter vivos* agreement, which he intended to execute and which in fact he did execute within six days after his Will". Paragraph "Third" of the will, which was executed on August 4, 1956, provides that the legatees therein named shall receive any stock which the testator shall own in the three corporations at the time of his death "which I have a right to convey". Six days later, on August 10, 1956, the testator and the three corporations entered into an agreement in which it was provided that, upon his death, each of the corporations would purchase his shares of stock upon stated terms and conditions and that payment therefor was to be made to his estate or to such persons as his executors might direct. The aggregate purchase price was $100,000. The agreement also provided that the testator would not sell or dispose of the stock without first giving notice of his intention to the corporations. On a prior appeal to this court by the same legatees from a decree similarly construing said paragraph "Third" of the will, the decree was reversed and the proceeding remitted to the Surrogate's Court to take proof of the testator's intention as to the scope of such paragraph and to receive the scrivener's testimony in connection therewith (*Matter of Bracalello*, 7 A D 2d 1022). The learned Surrogate, after taking such proof and testimony, has again construed said paragraph "Third" in the same manner as he did previously. Decree insofar as appealed from affirmed, with costs to all parties filing separate briefs, payable out of the estate. Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur.